UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARET SOLOMAN | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2402 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, AND LINA RICHARDSON | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

Defendant, Central Mutual Insurance Company (hereinafter referred to as "Central"), hereby files this Notice of the Removal of this case from the 295th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441 and 1446(b) and would show the Court as follows:

1.

Central has been sued in Cause No. 2017-43223, entitled "Margaret Soloman v. Central Mutual Insurance Company and Lina Richardson", currently pending in the 295th Judicial District Court of Harris County, Texas.  That lawsuit was originally filed on June 29, 2017 in the 295th Judicial District Court of Harris County, Texas.

2.

Central first received notice of Plaintiff's lawsuit when Central was served with Plaintiff's lawsuit on July 14, 2017.  Central is filing this notice well prior to thirty days of that date, thereby making this removal timely under 28 U.S.C. § 1446(b).

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen

of the State of Texas, being an individual residing and domiciled in the State of Texas.

4.

At the date of commencement of this action and at all pertinent times, the Defendants to this lawsuit are citizens of the following:

(A)     Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio; and

(B)     Lina Richardson is a citizen of the State of Texas, being an individual residing and domiciled in the State of Texas.

5.

The citizenship of Lina Richardson is not considered for jurisdictional purposes, as her joinder in this lawsuit is fraudulent, since Plaintiff has no viable cause of action against her, nor has Plaintiff sufficiently pled such for purposes of keeping this lawsuit from being removed to federal court.  There is no sufficient factual or legal basis alleged in Plaintiff's lawsuit that assert viable claims against Lina Richardson, so as to keep this case from being removed to federal court.  This is especially the case under the pleading standard required by the Fifth Circuit in its recent opinion in *Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016).  Further, Plaintiff has omitted key facts in her petition which show no viable claim exists against Lina Richardson, which would be further reason why removal of this action is proper.  As no viable claims have been pled by Plaintiff against Lina Richardson, her citizenship would not be considered for jurisdictional purposes.  Complete diversity thus exists between Plaintiff and the remaining Defendant, Central, such that diversity of citizenship exists in this matter.

6.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Central, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.  This is demonstrated by Paragraph 5 of Plaintiff's original Petition, where Plaintiff alleges she is seeking monetary relief over $100,000, excluding interest and costs.

7.

Copies of all the pleadings which have been filed in this action to date and which are attached as Exhibit "A" include the following:

a.      Plaintiff's Original Petition; and

b.      Citation served on Central.

To the best of Central's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Central Mutual Insurance Company, prays that this action be removed to this Court from the 295th Judicial District Court of Harris County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT

CENTRAL MUTUAL INS. CO.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on August 6, 2017, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Southern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 6th day of August, 2017:

Mr. William T. Jones                      VIA E-MAIL - bjones@gbtriallaw.com
Green & Barton
1201 Shepard Drive
Houston, Texas 77007

/S/Russell J. Bowman
Russell J. Bowman

# EXHIBIT A

6/29/2017 10:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17913093
By: Justin Kitchens
Filed: 6/29/2017 10:33 AM

# 2017-43223 / Court: 295

## CAUSE NO. _____

| | | |
|---|---|---|
| MARGARET SOLOMON | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY AND LINA RICHARDSON | § | |
| | § | |
| | § | |
| *Defendants.* | § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Margaret Solomon ("Plaintiff"), complains of Central Mutual Insurance Company and

Lina Richardson (collectively "Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case involves complex issues and will require extensive discovery.

Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a

discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff resides in Harris County, Texas.

3.      Defendant Central Mutual Insurance Company ("CMIC") is an insurance company

engaging in the business of insurance in Texas. This defendant may be served with process

through its registered agent Corporate Creations Network, Inc., 2425 West Loop South Ste. 200,

Houston TX 77027-4208.

4.      Defendant Lina Richardson ("RICHARDSON") is an individual and an insurance adjuster

licensed by the Texas Department of Insurance. This Defendant may be served with process at

the following address: P.O. Box 353, Van Wert, OH 45891. The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.      Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.      The court has jurisdiction over Defendant CMIC because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

7.      The court has jurisdiction over Defendant RICHARDSON because this Defendant is a Texas resident, because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

8.      Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

9.      Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

10.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are

otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

11.    Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 4103 Portsmouth Street, Houston, TX 77027 (the "Property"). The Property was insured by insurance policy number 4426065, issued by Defendant CMIC (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

12.    On or about 1/8/2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim and demand for payment on Defendant CMIC for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendant CMIC assigned or otherwise retained its employees and/or agents Defendant RICHARDSON to work on Plaintiff's Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant CMIC has refused to pay all amounts due and owing under the Policy for the Claim.

13.    Defendant RICHARDSON made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.   Defendants RICHARDSON failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant RICHARDSON and relied upon by Defendant RICHARDSON. The damage estimate failed to include all damages to Plaintiff's Property.   The damages Defendant RICHARDSON included in the estimate were grossly undervalued and did not allow for adequate

funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant RICHARDSON knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant RICHARDSON's conduct, Plaintiff's claim was underpaid and partially-denied.

14.     Defendant CMIC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant CMIC refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant CMIC's conduct constitutes a breach of the CMIC contract between Defendant CMIC and Plaintiff.

15.     All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

16.     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when CMIC's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

17.     All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire

loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

18.     All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

19.     All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

20.     Defendant CMIC failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant CMIC's conduct constitutes a violation of TEX.INS.CODE §542.055.

21.     Defendant CMIC failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant CMIC's conduct constitutes a violation of TEX.INS.CODE §542.056.

22.     Defendant CMIC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant CMIC has delayed full payment of

Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant CMIC's conduct constitutes a violation of TEX.INS.CODE §541.058.

23. From and after the time Plaintiff's claim was presented to Defendant CMIC, the liability of Defendant CMIC to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant CMIC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant CMIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25. Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT CMIC

26. Defendant CMIC is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

27. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant CMIC. Defendant CMIC breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant CMIC's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been

performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

28.    The conduct, acts, and/or omissions by Defendant CMIC constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

29.    Defendant CMIC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

30.    Defendant CMIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant CMIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

31.    Defendant CMIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

32.    Defendant CMIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

33.     Defendant CMIC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

34.     Defendant CMIC's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant CMIC refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**C.     Prompt Payment Of Claims Violations.**

35.     The Claim is a claim under an insurance policy with Defendant CMIC of which Plaintiff gave Defendant CMIC. Defendant CMIC is liable for the Claim. Defendant CMIC violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a)   Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant CMIC reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b)   Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c)   Delaying payment of the Claim following Defendant CMIC's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

36.     Defendant CMIC's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

---

D.     **Breach Of The Duty Of Good Faith And Fair Dealing.**

37.     Defendant CMIC breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant CMIC knew or should have known that its liability to Plaintiff was reasonably clear.   Defendant CMIC's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### CAUSES OF ACTION AGAINST
### DEFENDANT RICHARDSON

38.     Defendant RICHARDSON is an insurance adjuster that was assigned or otherwise engaged by CMIC to adjust the claim.

A.     **Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

39.     The conduct, acts, and/or omissions by Defendant RICHARDSON, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).   All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant RICHARDSON is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant CMIC, because Defendant RICHARDSON is a "person" as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

41.     The unfair settlement practices of Defendant RICHARDSON, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

42.     The unfair settlement practices of Defendant RICHARDSON, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

43.     The unfair settlement practices of Defendant RICHARDSON, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

44.     The unfair settlement practices of Defendant RICHARDSON, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

45.     The unfair settlement practices of Defendant RICHARDSON, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

46.    The unfair settlement practices of Defendant RICHARDSON, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant RICHARDSON refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

47.    Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

48.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

50.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

51.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

52.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

53.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XI.
### JURY DEMAND

54.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

### XII.
### REQUEST FOR DISCLOSURE

55.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

### XIII.
### PRAYER

56.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-

judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:      /s/   *William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

6/29/2017 10:33:40 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 17913093
By: KITCHENS, JUSTIN R
Filed: 6/29/2017 10:33:40 AM

# 2017-43223 / Court: 295

## CAUSE NO. _____

| | | |
|---|---|---|
| MARGARET SOLOMON | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY AND LINA RICHARDSON | § | |
| | § | |
| | § | |
| *Defendants.* | § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CENTRAL MUTUAL INSURANCE COMPANY

**TO:**   Defendant Central Mutual Insurance Company

Please answer these Requests for Production in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

GREEN & BARTON

By:    */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served on Defendant with Plaintiff's Original Petition in accordance with the Texas Rules of Civil Procedure.

/s/    William, T. Jones, Jr.
**WILLIAM T. JONES JR.**

## REQUESTS FOR PRODUCTION

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the Policy at issue for the date of loss as identified in the Petition; and
    b.  the Policy declarations page for the three (3) years preceding the Claim.

    **RESPONSE:**

2.  Produce underwriting files for all insurance policies for the Property identified in the Petition. This request is limited to the three (3) years preceding the Claim. To the extent Defendant contends that the underwriting file or documents older than three (3) years impact the damages or coverage, produce that underwriting file or document.

    **RESPONSE:**

3.  All documents reflecting the condition or damages of the Property or any insurance claim involving damage similar to that claimed in this suit on the Property identified in the Petition. This request does not seek work product.

    **RESPONSE:**

4.  The claim file and underwriting file for any wind and hail real property insurance claims made by the Plaintiff(s). To the extent Defendant contends that documents from any other claim impact the damages or coverage, produce that document.

    **RESPONSE:**

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

    **RESPONSE:**

6.  All formal written procedures, guidelines, or policies used to instruct, advise, guide, inform, educate, or assist provided to any person handling the Claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., a Texas hail and/or wind property damage claim, for the time period beginning (3) years preceding the Claim through the present.

    **RESPONSE:**

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

---

**RESPONSE:**

8.    All documents received (prior to litigation) from or on behalf of Plaintiff(s) or created by Plaintiff(s) related to the property damage made the basis of this lawsuit for the time period beginning (3) years preceding the Claim through the present. To the extent Defendant contends that any document older than five (5) years impacts the damages or coverage, produce that document.

**RESPONSE:**

9.    Produce a copy of all price lists used to prepare any estimates for the Claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

10.    To the extent Defendant created or altered any prices used in the preparation of an estimate in the Claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

**RESPONSE:**

11.    Documents in the personnel file related to claims handling performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the Claim made the basis of this Lawsuit, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

12.    An organizational chart, diagram, or list reflecting each department, division, or section of Defendant's company to which the Claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

13.    All Texas insurance licenses and/or certifications in effect that the time of Plaintiff(s)' Claim for the person who supervised the Claim made the basis of this Lawsuit.

**RESPONSE:**

14.    If an engineer and/or engineering firm evaluated the Properties, produce a list of all amounts paid to that engineer or engineering firm for work on Texas wind and hail claims from the three years preceding the Claim made the basis of this suit. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above from the three years preceding the Claim made the basis of this suit. A summary is acceptable in lieu of actual invoices or payments.

   **RESPONSE:**

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the Claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

   **RESPONSE:**

17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation, and/or inappropriate actions which resulted in disciplinary action by Defendant against any person(s) or entity(ies) who inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning three years before the date of loss of the Claim made the basis of this Lawsuit through the present.

   **RESPONSE:**

18.    All claims work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions for any person who directly inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

   **RESPONSE:**

19.    The following insurance documents issued for the Property as identified in the Petition:
   a.    the Policy at issue for the date of loss as identified in the Petition; and
   b.    the Policy declarations page for the three (3) years preceding the Claim.

   **RESPONSE:**

20.    Produce underwriting files for all insurance policies for the Properties identified in the Petition. This request is limited to the three (3) years preceding the Claim. To the extent Defendant contends that the underwriting file or documents older than three (3) years impact the damages or coverage, produce that underwriting file or document.

   **RESPONSE:**

21.    All documents reflecting the condition or damages of the Property or any insurance claim involving damage similar to that claimed in this suit on the Property identified in the Petition. This request does not seek work product.

**RESPONSE:**

22.     The claim file and underwriting file for any wind and hail real property insurance claims made by the Plaintiff(s). To the extent Defendant contends that documents from any other claim impact the damages or coverage, produce that document.

**RESPONSE:**

23.     All requests for information to any third party about the Property, the Plaintiff(s), or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

24.     All formal written procedures, guidelines, or policies used to instruct, advise, guide, inform, educate, or assist provided to any person handling the Claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., a Texas hail and/or wind property damage claim, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

25.     All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present. This request includes all documents obtained by way of deposition on written questions.

**RESPONSE:**

26.     All documents received (prior to litigation) from or on behalf of Plaintiff(s) or created by Plaintiff(s) related to the property damage made the basis of this lawsuit for the time period beginning (3) years preceding the Claim through the present. To the extent Defendant contends that any document older than five (5) years impacts the damages or coverage, produce that document.

**RESPONSE:**

27.     Produce a copy of all price lists used to prepare any estimates for the Claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

**RESPONSE:**

28.     To the extent Defendant created or altered any prices used in the preparation of an estimate

---

in the Claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

**RESPONSE:**

29.     Documents in the personnel file related to claims handling performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the Claim made the basis of this Lawsuit, for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

30.     An organizational chart, diagram, or list reflecting each department, division, or section of Defendant's company to which the Claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

31.     All Texas insurance licenses and/or certifications in effect that the time of Plaintiff(s)' Claim for the person who supervised the Claim made the basis of this Lawsuit.

**RESPONSE:**

32.     If an engineer and/or engineering firm evaluated the Properties, produce a list of all amounts paid to that engineer or engineering firm for work on Texas wind and hail claims from the three years preceding the Claim made the basis of this suit. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

33.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above from the three years preceding the Claim made the basis of this suit. A summary is acceptable in lieu of actual invoices or payments.

**RESPONSE:**

34.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the Claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

35.     All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation, and/or inappropriate actions which resulted in disciplinary action by Defendant against any person(s) or entity(ies) who inspected the property or made

a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

36.   All claims work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions for any person who directly inspected the property or made a claims decision or adjusted the Claim made the basis of this Lawsuit for the time period beginning (3) years preceding the Claim through the present.

**RESPONSE:**

37.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

38.   All contracts relating to adjustment and handling of claims in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

39.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

40.   All document retention policies for claims materials between Defendant and entity(ies) who handled the Claim made the basis of the Lawsuit, in effect at the time of Plaintiff(s)' Claim.

**RESPONSE:**

41.   To the extent the Claim involves rescinding of the Policy, policies and procedures regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

**RESPONSE:**

42.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

43.   All contracts relating to adjustment and handling of claims in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the

basis of the Lawsuit.

**RESPONSE:**

44.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff(s)' Claim between Defendant and/or entity(ies) who handled the Claim made the basis of the Lawsuit.

**RESPONSE:**

45.    All document retention policies for claims materials between Defendant and entity(ies) who handled the Claim made the basis of the Lawsuit, in effect at the time of Plaintiff(s)' Claim.

**RESPONSE:**

46.    To the extent the Claim involves rescinding of the Policy, policies and procedures regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

**RESPONSE:**

6/29/2017 10:33:40 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 17913093
By: KITCHENS, JUSTIN R
Filed: 6/29/2017 10:33:40 AM

## 2017-43223 / Court: 295

CAUSE NO. _____

| | | |
|---|---|---|
| MARGARET SOLOMON | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY AND LINA RICHARDSON | § | |
| | § | |
| | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CENTRAL MUTUAL INSURANCE COMPANY

**TO:**   Defendant Central Mutual Insurance Company

Please answer these Interrogatories in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

GREEN & BARTON

By:   */s/   William T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served on Defendant with Plaintiff's Original Petition in accordance with the Texas Rules of Civil Procedure.

*/s/   William. T. Jones, Jr.*
**WILLIAM T. JONES JR.**

## INTERROGATORIES

1. Identify all persons, including job title, dates of employment, address, and a description of each individual's role in the Claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the Claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. State the following concerning notice of Claim and timing of payment:
   a. The date and manner in which Defendant received notice of the Claim;
   b. The date and manner in which Defendant acknowledged receipt of the Claim;
   c. The date and manner in which Defendant commenced investigation of the Claim;
   d. The date and manner in which Defendant requested from the Plaintiff(s) all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff(s);
   e. The date and manner in which Defendant notified the Plaintiff(s) in writing of the acceptance or rejection of the Claim;
   f. The date, reason for, and manner in which Defendant made any request for an additional 45 days to accept or reject the Claim;
   g. The date and manner in which you notified Plaintiff(s) of acceptance or rejection of coverage for all or any portion of Plaintiff(s)' Claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

   ANSWER:

4. Identify each inspection of the Property made the basis of this Lawsuit for the period 3 years prior to the date of loss. To the extent Defendant contends that documents older than three (3) years impact the damages or coverage, produce that document:
   a. The name and job title of each person who inspected the Property;
   b. The date of each inspection;
   c. The purpose of each inspection; and
   d. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

   ANSWER:

5. If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or

entities in possession of those documents with last known addresses. This request does not seek work product.

ANSWER:

6.   State all dates on which Defendant closed Plaintiff(s)' Claim and, to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s).

ANSWER:

7.   If Defendant contends that Plaintiff(s) failed to provide proper notice of the Claim made the basis of this Lawsuit under either the Policy or the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.

ANSWER:

8.   At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of which areas of the property (i.e., roof, interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, ALE, contents, and/or code upgrade) of the Policy upon which the Claim was paid or denied.

ANSWER:

9.   Does Defendant contend that at the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff(s) failed to protect the property from further damage or loss and make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:

10.   At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), state whether the Plaintiff(s) failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff(s) failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

11.   At the time the Claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s), stating the date and manner in which the request was made to Plaintiff(s). If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff(s) did not respond to and state whether Defendant denied any portion of the Claim based on Plaintiff(s)' failure

to respond.

ANSWER:

12.   At the time the Claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the Policy? If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, including the extent to which such failure was relied upon to deny any portion of Plaintiff(s)' Claim.

ANSWER:

13.   If you contend Plaintiff(s)' damages claimed in this lawsuit are the result of a prior insurance  claim or prior unrepaired damage, please list all such prior claims on the property made in the last ten  years, including claim number, date of loss, type of loss, and payments, if any, and identify which prior claim or claims you contend pertain to such damage.

ANSWER:

14.   Identify all exclusions under the Policy applied to the Claim made the basis of this Lawsuit, and  for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

15.   To the extent Defendant utilized an estimating software and modified the manufacturer's settings  with respect to Plaintiff(s)' Claim, identify those modifications.

ANSWER:

16.   Identify all price lists used to prepare all estimates on the Claim made the basis of this Lawsuit, stating the manufacturer, version, date, and geographical area. For any price list developed by a third  party vendor, identify any additions, deletions, alterations, or modifications made by Defendant,  describing the change and purpose of the change for preparing an estimate on the Claim made the basis this Lawsuit.

ANSWER:

17.   State whether any persons and/or entities who handled the Claim made the basis of this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by

Defendant for hail and/or windstorms in regards to the adjustment of this Claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

**ANSWER:**

18. To the extent Defendant is aware, state whether the estimate(s) prepared for the Claim made the basis of this Lawsuit failed to identify, note, or document any Storm-related damage at the Property. If so, identify each item of damage that was not properly identified, noted, or documented.

**ANSWER:**

19. To the extent Defendant is aware, state whether the estimate(s) prepared for the Claim made the basis of this lawsuit erroneously included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the Claim made the basis this Lawsuit.

**ANSWER:**

20. To the extent Defendant is aware, state any violations of Texas Insurance Code Sections 541 or 542 that were discovered on this Claim during the claims handling process. This interrogatory does not seek work product.

**ANSWER:**

21. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating to the Claim made the basis of this Lawsuit that were discovered during the claims handling process. This interrogatory does not seek work product.

**ANSWER:**

22. State the date Defendant first anticipated litigation.

**ANSWER:**

23. Identify all evidence that may be used to impeach, by proof of final conviction of any felony or crime of moral turpitude, any witness, including any party witness, by stating the following identifying information, pursuant to Tex. R. Evid. 609:
    a. the name of the accused;
    b. the charged offense;
    c. whether the crime was a felony or involved moral turpitude;
    d. the date of final conviction; and
    e. the style, case number, and county of the proceeding.

**ANSWER:**

24.     Identify any and all witnesses who is expected to be called to testify at trial pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure.

**ANSWER:**

25.     If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the Claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

**ANSWER:**

JUL 1 4 2017

CAUSE NO. 201743223

RECEIPT NO.                    0.00      CIV
*********                    CR # 73391514

| | |
|---|---|
| PLAINTIFF: SOLOMON, MARGARET | In The  295th |
| vs. | Judicial District Court |
| DEFENDANT: CENTRAL MUTUAL INSURANCE COMPANY | of Harris County, Texas |
| | 295TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: CENTRAL MUTUAL INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK INC
    2425 WEST LOOP SOUTH STE 100 - HOUSTON TX 77027 - 4208

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE FIRST SET OF
REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

This instrument was filed on the 29th day of June, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 7th day of July, 2017, under my hand and
seal of said court.

Issued at request of:                    CHRIS DANIEL, District Clerk
JONES, WILLIAM TRUMAN JR.                Harris County, Texas
1201  SHEPHERD                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 698-0546
Bar No.: 24032001                        Generated By: SOLIS, WILLIAM A.    SMU//1C210035

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____

Executed at (address) _____ in

_____ County at _____ o'clock _____ .M., on the _____ day of _____

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____

FEE: $ _____                           _____

                                         _____ of _____ County, Texas

_____               By _____
         Affiant                                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____

                                         _____
                                                    Notary Public

*73391514*